

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801- 0951
302 984 6000
www.potteranderson.com

Jonathan A. Choa
Partner
Attorney at Law
jchoa@potteranderson.com
302 984-6189 Direct Phone
302 658-1192 Firm Fax

September 9, 2019

**VIA CM/ECF & HAND DELIVERY**

The Honorable Jennifer L. Hall
United States District Court
for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *Evertz Microsystems Ltd v. Lawo Inc., Lawo Corp., and Lawo AG*
                Civil Action No. 19-00302-MN-JLH

Dear Magistrate Judge Hall:

    We are counsel for Plaintiff Evertz Microsystems Ltd. ("Evertz").  Pursuant to the Court's August 8, 2019 Order, we submit the following letter with the input and consent of counsel for Defendants, Lawo Inc., Lawo Corp., and Lawo AG (collectively "Lawo").

**I.**    **Case Description**

    **A.**  **Claims and Defenses**

*By Plaintiff Evertz*

    Evertz is a Canadian technology company that designs, manufactures, and markets hardware and software solutions for the production, post-production, broadcast, and telecommunications markets.  Relevant to this dispute, Evertz's products convert traditional broadcast transmissions to internet protocol ("IP") based transmissions to optimize broadcast speed and quality through software-defined networking and system architecture. Evertz asserts seven United States patents relating to different aspects of these technologies, namely: three patents relating to packet-based transmission of multiple data signals, a patent relating to signal processing, and three patents relating to video routing.  Evertz makes and sells a variety of products covered by the asserted patents.

    Three former Evertz employees founded a company called Providius that launched a product called the "BMG Solution." The BMG Solution is an IP based platform for processing

and broadcasting video signals.  Philipp Lawo, CEO of Lawo, joined the Providius board of directors in August 2018.  Lawo launched an IP based platform for processing and broadcasting video signals that it called the Lawo V_matrix system.  Evertz contends that Lawo's V_matrix system copied Evertz's patented technologies and alleges that the V_matrix system infringes at least one claim of each of the seven asserted Evertz patents.

*By Defendant Lawo*

Lawo designs and manufactures pioneering network, control, audio and video technology for broadcast and post production, as well as live performance and theatrical applications, and competes with Evertz in the relevant marketplace.  Lawo denies all of Evertz's claims of infringement.  Lawo contends Evertz is attempting to enforce the asserted patents against Lawo as part of a campaign by Evertz to suppress competition.  Lawo also contends that Evertz's patents are invalid in view of the prior art and that the asserted patents were obtained from the U.S. Patent & Trademark Office (USPTO) through fraud.  Several inventors of the asserted patents, which include Evertz's Chief Executive Officer and Chief Technology Officer, withheld information that was material to patentability of the asserted claims and did so with an intent to deceive the USPTO.  These and other inventors of the asserted patents also participated in standardization organizations and became aware of relevant prior art publications that were material to patentability of the claims asserted in this action.  Lawo contends that the patents would not have been granted if the material information was disclosed to the USPTO as it should have been.  After Evertz filed its complaint, Evertz issued a press release which Lawo alleges defamed it and which improperly contained a link to Evertz's amended complaint in this action.

In addition to its patent-related defenses and counterclaims, Lawo has counterclaimed for fraud, inequitable conduct, defamation, unfair competition, and violations of the Delaware Uniform Deceptive Trade Practices Act.  Additionally, Lawo contends that Evertz willfully maintained a monopoly through a course of anticompetitive conduct, enabled by its fraudulent and inequitable conduct in obtaining the patents.  Alternatively, Lawo contends that Evertz has and is attempting to monopolize the relevant market based on its actions.

### B.  Joint Statement of Current Procedural Status

On August 28, 2019, Evertz moved to dismiss all but Lawo's non-infringement counterclaims with prejudice and to strike the corresponding defenses pursuant to Rules 12(b)(6) and 12(f). Alternatively, Evertz moved to bifurcate and stay Lawo's non-patent counts for fraud, defamation, unfair competition, and antitrust violations pursuant to Rule 42(b).  Lawo will oppose Evertz's motions in all respects.

### II.  Parties' Positions Regarding the Proposed Scheduling Order

There are presently no scheduling disputes between the parties and a joint Proposed Scheduling Order is submitted herewith.

The Honorable Jennifer L. Hall
September 9, 2019
Page 3

### III. Other Issues to Address

The parties are not presently aware of any other issues that need to be addressed during a Rule 16 Scheduling Conference.

                                                Respectfully submitted,

                                                */s/ Jonathan A. Choa*

                                                Jonathan A. Choa (#5319)

cc: All Counsel of Record – by CM/ECF
6374635