

1313 North Market Street
P.O. Box 951
Wilmington, DE 19801-0951
302 984 6000
www.potteranderson.com

Jonathan A. Choa
Partner
Attorney at Law
jchoa@potteranderson.com
302 984-6189 Direct Phone

October 8, 2019

**BY CM/ECF AND HAND DELIVERY**

The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801-3570

    Re:    *Evertz Microsystems Ltd. v. Lawo Inc. et al. C.A. No. 19-00302-MN-JLH*

Dear Judge Hall:

Pursuant to the Court's October 3, 2019 Oral Order (D.I. 36), we write on behalf of Plaintiff Evertz Microsystems Ltd. ("Evertz") regarding the parties' dispute over the protective order.

### I.   Overview of This Protective Order Dispute

The parties have agreed on all issues relating to entry of a Proposed Protective Order, except for whether Evertz's outside Canadian counsel may have access to materials designated under the Protective Order. Evertz requests that its long-standing outside Canadian intellectual property counsel have access to designated materials. Defendants, Lawo Inc., Lawo Corp., and Lawo AG (collectively "Lawo"), oppose this request. Because Evertz's outside Canadian counsel are uniquely competent to counsel Evertz in this litigation, will abide by all the requirements of a protective order, and submit to the jurisdiction of this Court, Evertz's request should be granted.

### II.   Background

Evertz is a Canadian technology company that invests heavily in research and development; it owns approximately 75 patents and patent applications around the world. Evertz has no in-house legal counsel and no in-house legal staff. Instead, Evertz relies on various outside counsel and on the highly regarded Canadian law firm Bereskin & Parr in Toronto to protect its IP rights.

Evertz's lead outside IP attorney is Bhupinder Randhawa, a partner at Bereskin & Parr. Mr. Randhawa is a Canadian attorney in good standing and is a Professional Engineer with a degree in computer engineering. Mr. Randhawa is also a registered U.S. patent agent, and has been in good standing with the USPTO since his registration in 2000. Mr. Randhawa is a member of the American Bar Association and the American Intellectual Property Law Association.

October 8, 2019
Page 2

Mr. Randhawa is assisted by Bereskin & Parr associate Lawrence Yu, who has a degree in nanotechnology engineering and is a Canadian attorney in good standing. (Collectively, Mr. Randhawa and Mr. Yu are referred to as "Bereskin counsel.")

Mr. Randhawa has represented Evertz's IP interests since 2001. Through his work for Evertz, Mr. Randhawa has gained intimate knowledge about the functions and performance of, and prior art to, Evertz's and its global competitors' hardware and software solutions for converting traditional broadcast transmissions to internet-protocol based transmissions through software-defined networking and system architecture. The vast majority of Mr. Randhawa's dealings with Evertz are with engineers. Prior to this litigation, Mr. Randhawa had not met in person with Evertz's CEO or other Evertz leadership in over five years. Mr. Randhawa counsels Evertz at arms-length; he is neither an Evertz decision-maker nor is he privy to Evertz's finances.

Because they are trusted IP advisers with unique insights and historical knowledge about the patents, products, and prior art, Evertz requested that Bereskin counsel have access to materials designated under any protective order. Evertz also proposed that Bereskin counsel have access only to designated technical materials, not financials. Lawo refused, and this dispute ensued.

### III. **Evertz's Outside Canadian Counsel Should Have Access to Designated Materials**

There exists no good reason to hamstring Evertz's representation in this case. First, Bereskin counsel will be subject to the jurisdiction of this Court. Second, Bereskin counsel, like all other outside counsel, have every incentive to comply with a protective order. Finally, it would be unfair to preclude Evertz's continued reliance on its primary IP counsel who have uniquely relevant expertise but are otherwise no different from the other attorneys in this case.

#### A. **The Court Can Exercise Jurisdiction over Bereskin Counsel**

Bereskin counsel offered to sign the undertaking of the Proposed Protective Order, which would expressly submit them to the Court's jurisdiction. What is more, Bereskin counsel would submit *pro hac vice* applications if the Court would grant them.[1] Indeed, counsel for Evertz offered to have Bereskin counsel sign additional undertakings or make additional representations/submissions to the Court's authority, but Lawo's counsel rejected that offer.

Lawo's concerns are unfounded. Indeed, given that this dispute involves Canadian and German entities, it would not be surprising if foreign experts submit undertakings—a scenario that does not compromise the protections of the Proposed Protective Order. In the unlikely event the Protective Order needed to be enforced in a foreign country, it would likely be readily enforced in Canada. That said, future enforcement against Bereskin counsel is highly unlikely. The USPTO's

---

[1] Local Rule 83.5 provides that *pro hac vice* admission is available to "[a]ttorneys admitted, practicing, and in good standing in another jurisdiction, who are not admitted to practice by the Supreme Court of the State of Delaware." In Delaware state court, *pro hac vice* admission is expressly available to non-U.S. attorneys. Del. Sup. Ct. R. 71(i).

Office of Enrollment and Discipline has already determined that Mr. Randhawa "possesses good moral character and reputation," and he is already subject to all of the USPTO's ethical requirements for patent attorneys and agents. *See* 37 C.F.R. §§ 11.7, 11.19(a).

### B. Bereskin Counsel Will Comply with the Protective Order

Bereskin & Parr is a well-respected IP firm whose lawyers routinely work with clients on IP cases in the United States. Bereskin counsel are no different from any outside attorney subject to a protective order. This Court has allowed foreign counsel access to protective-order designated materials once they submit to the jurisdiction of the Court. *INVISTA N. Am. S.A.R.L. v. M & G USA Corp.*, No. 11-1007, 2013 WL 1867345, at *1–2 (D. Del. Mar. 28, 2013) (foreign lawyers covered by protective order after submitting to jurisdiction of the court); *see Adler v. Upper N.Y. Inv. Co.*, No. 6896-VCN, 2012 WL 4847086, at *4–6 (Del. Ch. Sep. 28, 2012) (same). The same should result here. Indeed, Bereskin & Parr Canadian attorneys are subject to, and have complied with, such orders in other cases. *See* Stipulated Protective Order at 3, 002152706 *Ontario Ltd. v. Changer & Dresser Inc.*, No. 1:18-1228 (N.D. Ala. Mar. 7, 2016), ECF No. 42.

### C. Lawo's Unfounded Concerns Seek Tactical Advantage

Evertz should be allowed the competent and fully informed counsel of its choice. Here, its primary IP counsel possesses unique technical expertise and historical knowledge relevant to this dispute, and that cannot readily be replicated by Evertz's U.S. counsel. Precluding Bereskin counsel from accessing designated technical materials hamstrings Evertz's entire legal team and accomplishes nothing but prejudice to Evertz.

On the other hand, there is no prejudice to Lawo if Bereskin counsel accesses designated technical materials. To mitigate any perceived risk of prejudice to Lawo, designated information Bereskin counsel receives can only be viewed by outside counsel and used for purposes of this litigation; the Proposed Protective Order "builds in significant protections to vitiate privacy interests and prevent against the inappropriate disclosure or misuse of [the] information." *Invista*, 2013 WL 1867345, at *2. Moreover, Evertz proposed that Bereskin counsel only have access to technical, not financial, information.

Under the circumstances, Bereskin counsel should be given access to designated materials because there is no justification for providing Lawo the tactical litigation advantage it seeks through this protective order dispute.

Sincerely yours,

*/s/ Jonathan A. Choa*

Jonathan A. Choa (#5319)

cc: All Counsel of Record – by CM/ECF and E-Mail