IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERTZ MICROSYSTEMS LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-302 (MN) (JLH) |
| | ) |
| LAWO INC., LAWO NORTH AMERICA CORP., and LAWO AG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Jonathan A. Choa, Alan Silverstein, POTTER ANDERSON & CORROON LLP, Wilmington, DE; Binal J. Patel, Erik S. Maurer, Brian T. Apel, BANNER & WITCOFF, LTD., Chicago, IL; Joshua L. Davenport, BANNER & WITCOFF, LTD., Washington, D.C. – Attorneys for Plaintiffs

R Touhey Myer, OFFIT KURMAN, P.A., Wilmington, DE; Gregory Grissett, Joseph Mathew, OFFIT KURMAN, P.A., Plymouth Meeting, PA; Ted Semaya, Steven Thal, Alexander Mirkin, OFFIT KURMAN, P.A., New York, NY; Michael Hogan, OFFIT KURMAN, P.A., Philadelphia, PA – Attorneys for Defendants.

August 12, 2020
Wilmington, Delaware

*[signature: Maryellen Noreika]*
**NOREIKA, U.S. DISTRICT JUDGE**

On July 10, 2020, Magistrate Judge Hall issued an Order ("the Order") (D.I. 121) denying Plaintiff Evertz Microsystems, Inc.'s ("Evertz") Motion for Leave to file a second amended complaint. (*See* D.I. 107 & 111). On July 24, 2020, Evertz filed objections to the Order. (D.I. 127). For the reasons set forth below, Evertz's objections are OVERRULED and the Order is ADOPTED. Evertz's motion for leave to file a second amended complaint is DENIED.

**I.      LEGAL STANDARD**

Objections to a Magistrate Judge's ruling on a non-dispositive motion are subject to a "clearly erroneous and contrary to law" standard of review, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Under a "clearly erroneous" standard, the Court will only set aside findings when it is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007) (internal quotation marks omitted). A Magistrate Judge's order is contrary to law only "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins., Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006); *see also Eisai Co., Ltd. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 424 (D.N.J. 2009) ("[A] magistrate judge's decision typically is entitled to deference . . . [while] a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo . . . ." (internal quotation marks omitted)).

A motion for leave to amend is a non-dispositive motion. *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998). Thus, the Court "must accept the factual determination of the fact finder unless that determination 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational

relationship to the supportive evidentiary data.'" *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (quoting *Kraznov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)).

## II. DISCUSSION

Evertz objects to the Order on two grounds: (1) that Judge Hall's finding that "Evertz has not demonstrated that th[e] information [forming the basis for its indirect infringement claims] was received after the deadline for amending pleadings" is clearly erroneous and (2) that Judge Hall "misapplied or misinterpreted the law" in concluding that "Evertz has failed to meet its burden to demonstrate good cause." (D.I. 127 at 2, 5).

### A. Evertz's First Objection

The entirety of Evertz' first objection is premised on the argument that Evertz's indirect infringement claims are based on new facts obtained from discovery occurring *after* the pleadings deadline and, thus, Judge Hall's purported "finding" that "Evertz has not demonstrated that th[e] information [forming the basis for its indirect infringement claims] was received after the deadline for amending pleadings" is wrong. Evertz, however, ignores the entirety of what the judge stated, including that:

> [a]lthough Evertz says that it discovered the basis for its indirect infringement claim sometime during discovery, Evertz has not demonstrated that this information was received after the deadline for amending pleadings ***or if it received it after that deadline, but upon receipt of the information, it acted diligently in moving to amend***.

(D.I. 135, Ex. A at 13) (emphasis added).

The emphasized words – which were left out by Evertz in its objections – contemplate the receipt of necessary information after the amendment deadline. Moreover, on the next page of the transcript, Judge Hall referred to the October 2019 production of core technical documents and the information gleaned in February 2020, further clarifying that she understood that certain information had been produced or obtained after the October 17, 2019 amendment deadline.

2

(D.I. 135, Ex. A at 14). Thus, the Court cannot agree that the portion of the Order subject to Evertz' first objection is "completely devoid of minimum evidentiary support" or "bears no rational relationship" to the evidence and arguments made. Evertz's first objection is therefore overruled.

> B. **Evertz's Second Objection**

The proposed amendment comes long after the amendment date set in the Scheduling Order. And thus, the Order properly began with an analysis under Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also WebXchange Inc. v. Dell Inc.*, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010) ("After a pleading deadline has passed, the Third Circuit requires a showing of good cause in order to amend." (citing *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000))).

Good cause "turns on the diligence of the movant." *Bigband Networks, Inc. v. Imagine Commc'ns, Inc.*, No. 07-351 (JJF), 2010 WL 2898286, at *2 (D. Del. July 20, 2010) (citing *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540 (GMS), 2009 WL 1444835, at *4 (D. Del. May 21, 2009). Evertz contends that "diligence" need only be shown prior to the amendment deadline in the scheduling order. This, however, appears to be an argument that Evertz did not make to Judge Hall. The Court will not hear arguments made for the first time in objections to an order when those objections could have (and should have) been made in connection with the motion referred to the Magistrate Judge. *See* October 8, 2013 Standing Order for Objections Filed Under FED. R. CIV. P. 72 ("Any party filing objections with a District Judge to a Magistrate Judge's order, ruling or recommended disposition must include, along with the objections, a written statement either certifying that the objections do not raise new legal/factual arguments, or

3

identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge."). Evertz has not established that good cause exists to allow it to raise new arguments in its objections – particularly this new argument that it need only show diligence prior to the amendment deadline. Evertz's second objection is therefore overruled.

## III.   CONCLUSION

For the reasons stated above, the Evertz's objections to the Order are OVERRULED and the Order is ADOPTED.

4