# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVERTZ MICROSYSTEMS LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 19-302-MN-JLH |
| LAWO INC., LAWO NORTH AMERICA CORP., and LAWO AG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER[1]

Presently pending before the Court is Defendants' ("Lawo's") Motion to Bifurcate and Stay the Issue of Damages for Purposes of Discovery and Trial. (D.I. 166.) As stated at the teleconference on February 16, 2021, Defendants' motion is DENIED. My ruling was announced from the bench as follows:

> This is my [ruling] on Defendants' motion to bifurcate and stay the issue of damages for purposes of discovery and trial. (D.I. 166.) I will not be issuing a separate written opinion, but we will file a written document that incorporates the transcript of my oral ruling today. Although we are not issuing a separate opinion, we have followed a full process for making the decision that I'm about to state. There was full briefing on this motion and all of the submissions have been carefully considered.
>
> For the reasons I will discuss, [ ] Defendants' motion [is] DENIED.
>
> Now I'll set forth the procedural history of this action. Plaintiff Evertz filed this patent infringement action back in February 2019. (D.I. 1.) Lawo's Answer contained numerous affirmative defenses and counterclaims, including non-patent counterclaims. (D.I. 22.)

---

[1] Because a motion to bifurcate is non-dispositive, this ruling is made pursuant to 28 U.S.C. § 636(b)(1)(A).

In August [] 2019, Evertz moved to dismiss and strike certain of Lawo's counterclaims and affirmative defenses or, in the alternative, to stay discovery and bifurcate trial on those issues. (D.I. 26.) At a hearing in December 2019, I told the parties that I was inclined to bifurcate some of Lawo's defenses and counterclaims and to stay discovery with respect to Lawo's non-patent defenses and counterclaims. The parties agreed to that resolution and, on January 9, 2020, they filed a stipulation memorializing it. (D.I. 69.) At that time, Lawo did not ask the Court to stay damages discovery and/or bifurcate the issue of patent infringement damages.

Since that time, discovery has moved forward, and the parties have brought a number of discovery disputes to the Court. (*See, e.g.*, D.I. 75; D.I. 92; D.I. 152; D.I. 153.) Fact discovery is set to close on March 18, 2021. (D.I. 180.)

On November 6, 2020, Lawo filed the pending motion. Lawo wants the Court to order that the issues of patent infringement liability and damages be bifurcated into separate trials, and it wants the Court to stay damages discovery. (D.I. 166.)

The Court has broad discretion to order separate trials under Rule 42(b). *SenoRx, Inc. v. Hologic, Inc.*, 920 F. Supp. 2d 565, 567 (D. Del. 2013). "When exercising this broad discretion, courts should consider whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case." *Id.*

There is no general rule governing the propriety of bifurcating liability from damages in a patent infringement trial. Rather, the Court must conduct a case-by-case analysis to determine whether bifurcation is appropriate under the specific facts of the case. *Id.* at 568.

Having considered the arguments made by the parties, I conclude that, under the totality of the circumstances, staying discovery and ordering a separate trial on damages would be inappropriate here.

First, having presided over the *Markman* hearing in this matter, I do not think that this [case] is unusually complex. I also note that, in this District, juries routinely decide complex liability and damages issues at the same trial. Moreover, the non-patent counterclaims have already been bifurcated from the patent issues, and discovery on those issues has been stayed in an attempt to

reduce the burden on the parties and this Court and to reduce juror confusion.

I am also not persuaded that a trifurcation of this case will save significant additional resources. In fact, I think that, in this case, it may create additional work for everyone involved. As Evertz notes, the parties in this case have been fairly litigious, raising numerous discovery disputes before the Court. I have a concern that bifurcating and staying the issue of damages will result in (1) duplicate discovery requests and disputes as those already resolved and (2) new disputes over what is appropriately part of the liability phase versus the damages phase.

For purposes of the argument, I accept Lawo's contention that forcing it to defend liability and damages at the same time is potentially prejudicial in the sense that it will spend less resources defending the damages phase of the case if Evertz does not prevail on some or all of the asserted claims. But that is not enough to carry the day. Delaying the damages phase would be prejudicial to Evertz, particularly here, where the discovery process is well under way and only a month remains before the close of fact discovery. Staying damages discovery at such a late date provides less of an opportunity to save resources. And, as I mentioned, bifurcation has the potential to increase the resources that the Court will have to expend on this dispute.

I further find that, under the circumstances, it would be a poor use of limited judicial resources to make what it is already a two trial case into a three trial case. As the parties both know, this Court currently has an extremely congested docket. It would be difficult to schedule an additional trial in this action; thus, Evertz would likely have to wait additional years to have full resolution of its claims.

I conclude that the requested bifurcation and stay is inappropriate here. Accordingly, [ ] Lawo's motion [is] DENIED.

Dated: February 23, 2021

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

3