**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

EVERTZ MICROSYSTEMS LTD.,

*Plaintiff*,

v.

LAWO INC., et al.,

*Defendants*.

C.A. No. 19-302-MN-JLH

**HIGHLY CONFIDENTIAL BUSINESS – ATTORNEYS' EYES ONLY**

**REDACTED VERSION**

**DEFENDANTS' LETTER REGARDING UNRESOLVED DISPUTES RELATED TO INVALIDITY CONTENTIONS**

OF COUNSEL:

Gregory Grissett
Joseph Mathew
OFFIT KURMAN, P.A.
401 Plymouth Road, Suite 100
Plymouth Meeting, PA 19462
Telephone: (484) 531-1700

Tony Pezzano
Ted Semaya
Steven Thal
Alexander Mirkin
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (212) 545-1900

Michael Hogan
OFFIT KURMAN, P.A.
1801 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (267) 338-1300

/s/ R Touhey Myer
R Touhey Myer (#5939)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, Delaware 19801
Telephone: (302) 351-0908
E-mail: touhey.myer@offitkurman.com

*Attorneys for Defendants Lawo, Inc., Lawo Corp., and Lawo AG*

Dated: April 8, 2021



Attorneys At Law

Trust. Knowledge. Confidence.

**Tony Pezzano**
**929.476.0045 (Direct Dial)**
**631.255.3035 (Mobile)**
**212.545.1656 (Facsimile)**
**Tony.Pezzano@offitkurman.com**

April 1, 2021

**VIA CM/ECF**

The Honorable Jennifer L. Hall
U.S. District Court for the District of Delaware
844 North King Street, Room 3124
Wilmington, DE 19801-3555

**Re: *Evertz Microsystems Ltd. v. Lawo Inc. et al.*, Case No. 19-00302-MN-JLH**

Dear Judge Hall:

We are writing on behalf of Defendants Lawo Inc., Lawo Corp. and Lawo AG (collectively "Lawo") to raise the following issue that regretfully the parties have not been able to resolve. Lawo requests leave to supplement its final invalidity contentions (served on February 11, pursuant to the Court's Scheduling Order) to identify the following prior art with respect to Evertz's asserted '398 and '391 patents that was recently discovered and the subject of testimony of Evertz's Director of Program Management John Liron on March 11:

- Grass Valley Series 7000/7500 Signal Management System Ordering Guide (SMS 7000 router switcher) (Liron Exhibit 10);
- Liron U.S. Patent No. 5,440,591 ("Liron '591 patent") (Liron Exhibit 7)
- Liron U.S. Patent No. 5,870,028 ("Liron '028 patent") (Liron Liron Exhibit 8)
- Liron U.S. Patent No. 8,750,295 ("Liron '295 patent") (Liron Exhibit 12)
- Liron U.S. Patent No. 6,130,725 ("Liron '725 patent") (Liron Exhibit 9)

On March 17, soon after Mr. Liron's deposition, Lawo raised the issue of supplementing its invalidity contentions based on the foregoing prior art.

Mr. Liron, a recently retired employee of Evertz, was previously employed by Evertz's competitor Grass Valley from 1985 to July 2011, and was a former Product Manager for Grass Valley's Trinix router switcher. Liron Tr. 13:20-14:2, 17:19-22. Based on his 45 years' experience in the industry, including researching and developing video routers and crosspoint switches, Mr. Liron testified that Claim 1 of each of the '398 and '391 patents is [REDACTED] and [REDACTED] including the prior art SMS 7000 and Trinix router switchers (Tr. 42:21-48:2):

Trust. Knowledge. Confidence.

The Honorable Jennifer L. Hall
April 1, 2021



Trust. Knowledge. Confidence.

The Honorable Jennifer L. Hall
April 1, 2021

Mr. Liron is correct. Grass Valley's prior art SMS 7000 Video Router anticipates the asserted Claims of the '398 patent. *See* Claim Chart Exhibit A. *See also* Liron '591 patent (pertinent to asserted claims of '398 and '391 patents because discloses digital switching matrix including crosspoint switches and inputs and outputs to and from the crosspoint switches (Liron Tr. 66:3-11); Liron '028 patent (pertinent to asserted claims of '398 and '391 patents because discloses claim directed to cross point switch system (Liron Tr. 69:20-24); Liron '725 patent (describes SMS 7000 family of routing products (Liron Tr. 70:22-71:16); and Liron '295 patent (Liron Tr. 75:22-76:6) (pertinent to asserted claims of '398 and '391 patents because discloses input with local processing capabilities, crosspoint switch, output with local processing capabilities and a local controller).

On a motion to amend final invalidity contentions, movant must show good cause. "In determining whether a party has demonstrated good cause to amend its contentions, the key factor that courts have considered is whether that party has shown diligence both in discovering that an amendment was necessary and in moving to amend after that discovery." *British Telecomms. PLC v. IAC/InterActiveCorp*, 2020 U.S. Dist. LEXIS 99888, at *5 (D. Del. June 8, 2020). That standard is met here: Lawo was not aware of this prior art and did not become aware of its pertinence until March 11, based on the testimony of Mr. Liron. Moreover, Lawo served a subpoena for prior art to Grass Valley on December 18, 2020, and Grass Valley did not produce the foregoing prior art in response to the subpoena. It was not until Lawo brought the SMS 7000 to Grass Valley's attention on March 12, 2021, that Lawo was able to secure a declaration from Grass Valley's Technology Fellow confirming that Grass Valley Series 7000/7500 Signal Management System Ordering Guide for Grass Valley's SMS 7000 routing switcher is prior art to Evertz's asserted '398 and '391 patents directed to routing switchers. *See* Grass Valley Declaration Exhibit B. Less than a week later, Lawo sought to amend its invalidity contentions.



Offit Kurman
Attorneys At Law

Trust. Knowledge. Confidence.

The Honorable Jennifer L. Hall
April 1, 2021

Respectfully submitted,

*/s/ Tony Pezzano*
Tony Pezzano, Esquire

offitkurman.com